## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARREE CURRIE,              )
                        Plaintiff,     )
v.                           )       Case No. CIV-08-194-HE
                              )
OKLAHOMA CITY POLICE    )
DEPARTMENT and OFFICER JERMA  )
JOHNSON,                 )
                     Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, Marree Currie, appearing *pro se* and *in forma pauperis*, has filed a civil rights action pursuant to 42 U.S.C. § 1983 seeking damages for certain alleged wrongs Defendants have committed against him.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B) (pertaining to *in forma pauperis* proceedings).  For the reasons set forth below, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted and that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

### I.    Factual Background

Plaintiff is a pretrial detainee and is in custody at the Oklahoma County Detention Center on drug trafficking charges.  The Complaint incorporates a police report dated August 11, 2007, prepared by Officer Jerma Johnson of the Oklahoma City Police Department.  As described in the police report, Officer Johnson had dealt with Plaintiff on several occasions.  On the date in question, Officer Johnson observed Plaintiff on the street.  It appeared to

Officer Johnson that Plaintiff might be selling drugs to a white male.  Officer Johnson exited his vehicle to make contact with Plaintiff.   The report describes what happened next as follows:

> Once Currie noticed me approaching him, he placed a plastic bag containing a white substance which I believed to be crack cocaine in his mouth.  I then advised Currie, later identified as AR Currie, to stop.  AR Currie continued to walk northbound on Shartel after I asked him to stop again.
>
> I caught up with AR Currie and asked him to open his mouth.  AR Currie then began chewing at a frantic pace.  At that time, I grabbed AR Currie and placed him on the ground.  While on the ground, I repeatedly told AR Currie to spit the object out of his mouth.  AR Currie continued to chew the item.  Based on the size of the size of the bag AR Currie had placed in his mouth and my experience with subjects injesting [sic] large amounts of cocaine, for his safety, I did not want him to inject [sic] the narcotics.
>
> At that time, I took my left hand and pinched AR Currie's nose in an attempt to get him to open his mouth to breathe.  I then attempted to keep AR Currie from swallowing by placing my right hand right below his Adams [sic] Apple.  I did this off and on for approximately a minute.  The whole time I was advising AR Currie to spit the object out of his mouth.

The report continues with the account of the arrest.  On field testing, the substance contained in the bag Currie had spit out of his mouth tested positive for cocaine base, weighing 5.3 grams.  Currie was transported to the hospital for treatment due to the fact that he possibly could have ingested cocaine.  Currie was then released from the hospital and booked into jail.

Plaintiff references the factual recitation of events in Officer Johnson's report and expressly relies upon those facts to support his claims.  *See, e.g.,* Complaint at 2, ¶ B(1) ("On the 11th day of August year 2007 . . . OCPD Jerma Johnson acted way out of his color of duty when he squeezed my nose to cut off my air supply then started chokeing [sic] me until I got

light headed an [sic] almost passed out.") and Complaint, unnumbered page ("Stating the Facts") (referencing the officer's statements in the report as factual support for his claims).

## II.  Plaintiff's Claims

In Count I of the Complaint, Currie alleges that he was assaulted by Officer Johnson and was not "[b]eing treated fairly and with respect and dignity."  He claims Officer Johnson used excessive force by choking him and squeezing his nose to cut off his air supply.  In Count II of the Complaint, Currie alleges that Officer Johnson has been targeting him and that Johnson's harassment of Currie led up to the arrest incident.  Liberally construing the Complaint, Currie brings an excessive force claim alleging a violation of his Fourth Amendment right to be free from unreasonable seizure.  Currie's additional allegations -- that he was not treated with respect and dignity and was subject to harassment by Officer Johnson -- fail to allege conduct that would support a finding that his constitutional rights have been violated and, therefore, are not cognizable in this § 1983 action.  *See Ramirez v. Department of Corrections, Colorado*, 222 F.3d 1238, 1243 (10th Cir. 2000) ("Section 1983 creates no substantive rights, but rather creates only a remedy against those who, acting under color of law, violate rights secured by federal statutory or constitutional law.").

## III.  Standard Governing Dismissal of a *Pro Se* Complaint

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to

3

relief. *Robbins v. Oklahoma*, ___ F.3d ___, 2008 WL 747132 (10th Cir. March 21, 2008) (for publication); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 2008 WL 747132 at *2 (*quoting Twombly*, 127 S.Ct. at 1965). Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

IV.   **Analysis**

A.   **Fourth Amendment Excessive Force Claim**

A claim of excessive force arising in the context of an arrest or investigatory stop "is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons . . . against unreasonable . . . seizures of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989). A reasonableness standard governs a claim that a police officer has used excessive force in violation of an individual's Fourth Amendment rights. *Id.* at 395 (quotation omitted). The reasonableness standard balances the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Id*. at 396.

The reasonableness inquiry "is not capable of precise definition or mechanical application" and requires careful attention to the facts and circumstances of each particular case. *Graham*, 490 U.S. at 396 (quotation omitted). The following factors govern the inquiry: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting

arrest or attempting to evade arrest by flight. *Id*. at 396. Moreover, the reasonableness of an officer's use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. In conducting the analysis, the court must be mindful that "police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Id*. at 397.

The reasonableness inquiry in an excessive force case is an objective inquiry that does not take into account an officer's underlying intent or motivation. "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. *Graham*, 490 U.S. at 397.

Taking all the factual allegations as true, which include the circumstances described in the police report attached to the complaint, Plaintiff has failed to state a § 1983 claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (documents attached to the complaint may be considered in determining whether dismissal for failure to state a claim is proper); *see also Wilson v. City of Oklahoma City*, No. CIV-06-1397-F, 2007 WL 61087 (W.D. Okla. Jan. 8, 2007) (unpublished op.) ("[T]aking all of the factual allegations as true, means, in this instance, taking all of the statements contained in the police reports which are attached to the complaint as true."). By attempting to ingest the cocaine, Plaintiff was a danger to himself and, as set forth in the police report, Plaintiff was resisting arrest, failing to heed to Officer Johnson's command to spit out of his mouth the bag containing the 5.3

grams of cocaine base.  The incident lasted no longer than one minute.  Construing these facts in the light most favorable to Plaintiff, Officer Johnson acted reasonably in making Plaintiff's arrest and did not use excessive force.  Dismissal of the complaint, therefore, is proper.  *Compare Biehl v. Salina Police Dept.*, No. 07-3231, 2007 WL 4201270 at **2-3 (10th Cir. Nov. 29, 2007 ) (unpublished op.) (allegations of complaint, as supplemented by police report attached to complaint, did not state a claim upon which § 1983 relief may be granted for false arrest in violation of the Fourth Amendment where police report indicated officer had probable cause to make arrest).  Therefore, Plaintiff's excessive force claim against Officer Johnson should be dismissed for failure to state a claim upon which relief may be granted.

### B.    Claims Against the Oklahoma City Police Department

In addition to dismissal being proper for failure to state a claim upon which relief may be granted, the Oklahoma City Police Department should be dismissed on the ground that a police department is not a suable entity for purposes of 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808 (D. Colo. 1991) *aff'd* 986 F.2d 1429 (10th Cir. 1993);  *Ketchum v. Albuquerque Police Dept.*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished op.) (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality); *Shangreaux v. Midwest City Police Dept.*, No. 91-6013, 1991  WL 104313, at *2 (10th Cir. June 12, 1991) (unpublished op.) ("The police department of Midwest City is not a suable entity.").  Therefore, it is recommended that the Oklahoma City Police Department be dismissed.

6

### C.    Official Capacity and Municipality Claims

Plaintiff does not specify whether he is suing Officer Johnson in both his individual and official capacity.  Liberally construing the Complaint to include a claim against Officer Johnson in his official capacity, Plaintiff has failed to state a claim upon which relief may be granted.  A claim against a municipal officer in his official capacity is the same as a claim against the municipality itself.  *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ( "A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.") (citations omitted).  When a plaintiff seeks to recover damages from an official in his or her official capacity or from a department of a governmental entity, the plaintiff's suit is one against the governmental entity alone. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Accordingly, Plaintiff's cause of action against both Officer Johnson in his official capacity and the Oklahoma City Police Department is construed as a cause of action against the City of Oklahoma City.

 "A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) ( citations omitted).  Plaintiff's Complaint is devoid of any allegations of a policy or custom of the City of Oklahoma City causing any alleged constitutional deprivations. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978)(municipalities can only be held liable under section 1983 for "action pursuant to official municipal policy [or custom

7

which] caused a constitutional tort"). Accordingly, any claims against the City of Oklahoma City and Officer Johnson in his official capacity fail to state a claim for relief under 42 U.S.C. § 1983.

## RECOMMENDATION

It is recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state a claim upon which relief may be granted. The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by April  14th , 2008. *See* LCvR72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## <u>STATUS OF REFERRAL</u>

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __25th__ day of March, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE