**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARREE CURRIE, | ) |
|                   Plaintiff, | ) |
| vs. | )   NO. CIV-08-194-HE |
| OKLAHOMA CITY POLICE DEPARTMENT AND OFFICER JERMA JOHNSON, | ) |
|                   Defendants. | ) |

## ORDER

Plaintiff Marree Currie, a pretrial detainee appearing *pro se* and *in forma pauperis*, instituted this action against the Oklahoma City Police Department and police officer Jerma Johnson, asserting claims under 42 U.S.C. § 1983. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch. She has recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g). The plaintiff has filed an objection to the Report and Recommendation, asserting that he has stated claims against the defendants for harassment and excessive force.

The magistrate judge construed the complaint as alleging a Fourth Amendment excessive force claim – that Officer Johnson used excessive force in conjunction with the plaintiff's arrest.[1]  She then found, taking all the factual allegations, including the

---

[1] *The plaintiff also alleged that the police officer harassed him and failed to treat him "fairly with respect and dignity." Complaint, p. 3. The magistrate judge found that these claims failed to allege a constitutional violation.*

circumstances described in the police report attached to the complaint, as true, that Officer Johnson acted reasonably in effecting the plaintiff's arrest.[2]  As she concluded the facts pleaded, construed in the light most favorable to the plaintiff, failed to demonstrate that the officer used excessive force, the magistrate judge recommended that the plaintiff's Fourth Amendment claim against both Officer Johnson and the Oklahoma City Police Department be dismissed.

The magistrate judge also concluded that the Oklahoma City Police Department was improperly sued because it is not a suable entity for purposes of § 1983.  Finally, to the extent the plaintiff sued the City of Oklahoma City by naming Office Johnson in his official capacity, the magistrate judge found that the plaintiff's claims were deficient as he failed to allege that a policy or custom of the City caused the asserted constitutional deprivation.

Having reviewed de novo the question of the sufficiency of the complaint, the court concurs with the magistrate judge that the plaintiff has failed to state a claim under § 1983 against the defendants.  Accordingly, the action is dismissed.  28 U.S.C. §§  1915A(b)(1), 1915(e)(2)(B)(ii).  Once the plaintiff has exhausted or waived his opportunity to appeal, the dismissal will count as a strike pursuant to 28 U.S.C. § 1915(g).

---

[2] *As noted by the magistrate judge, the plaintiff references the report in his complaint. E.g., Complaint, unnumbered page, "Stating the Facts," ¶¶(2) ("This Peace Officer stated hisself...."); (4) ("This Peace Officer(s) report strongly points out ....").*

**IT IS SO ORDERED**.

Dated this 30th day of April, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE